Final case for argument this morning is 23-1720, StratosAudio, v. Volkswagen Group of America, Inc. Well, hello again. This will probably be much shorter depending on your questions. We just talked about the 081 patent, and this appeal is about the 405 patent. And my remarks can be very brief. It's another square peg round hole problem with arbitrary board decision making. And in this case, this regards a piece of prior art called Lee. And the board's theory was anticipation by Lee against, I believe it was claims 12-16. The board's finding for data identifying a specific instance of media content in this case was data identifying, quote-unquote, the advertised product or the advertised item. That's appendix page 37. Advertised item is the verbiage used by the board. The gravamen of our appeal is that a can of Coca-Cola or a bottle of shampoo or what have you, that's an item that one can advertise on a radio station. That's not media content. So this is, again, perhaps it's the lack of substantial evidence where it blends with the arbitrary or rational decision making. But we believe that it was just reading green bicycle onto red car. It just doesn't make any sense. You scratch your head and you don't know where they came from. So the board's anticipation finding was thus erroneous, not based on substantial evidence, arbitrary and capricious, and the court should therefore reverse. And I'd like to reserve the rest of my time for rebuttal unless there are any questions. May it please the court, Richard Credo, again, this time on behalf of both Volkswagen and Hyundai. I think what Stratis is trying to do here is to pluck a single sentence from the board's decision and ask that the court read that sentence without the benefit of the surrounding context and the arguments and evidence that we've presented. At appendix 37, the board block quoted our experts' reply declaration testimony, where he summarized the very argument that Stratis now makes on appeal, namely that the button press data only identifies a product and not the underlying ad-related data. And he unambiguously disagreed with that argument. He pointed to disclosure that is also block quoted from Lee at column 11, line 16. That's also quoted at appendix 37. And he concluded that the button press data, quote, also provides information about the ad content that is the ad-related data, that is the second media content. We know that the board agreed with that finding and adopted it as its own, because on the very next page, the board said, based on this record, including the testimony of Dr. Williams, which we credit, we are persuaded the petitioner has demonstrated its burden. So what's happening here is that Lee uses the button press data to search through an advertising database. And that advertising database includes the ad-related data, not products. Stratis and its expert conceded that below in appendix 474 and appendix 2518. So in order to identify the advertised item, as the board noted, Lee's gateway has to look at and identify the underlying ad-related data. The point being that Lee's database links the product to the advertisement data, which is what we pointed to all along as the second media content. And so the board's finding is supported by substantial evidence, and its analysis en route to its conclusion is reasonably discernible, which is all that is required under the APA. Thank you, Your Honors. You're going to thank all the parties after this. The block quote of the paragraph on page 37, just beneath what our site's calling the finding, begins with, indeed, comma, Dr. Williams testifies that. And then there's that block quote. There's nowhere in any of the subsequent text on this claim limitation where the board says, and therefore we expand the finding we just made to also include advertised data. It's simply one of those situations this court sees all the time, where the board is quoting positions of parties, perhaps to corroborate a finding that they have made or will make, but doesn't include an endorsement of everything that they're blocking. What about the paragraph on page 38? Yes. Based on this record, blah, blah, blah. That doesn't say, I'm going to add, or we, the board, will add advertising data to the finding of what constitutes the media content. Instead, it's just sort of a recapitulation of, and we think on this point, petitioners win. The exact words are, based on this record, including the testimony of Dr. Williams, which, by the way, had just also used the term advertised product, had also just done that, which we credit. We are persuaded the petitioner has demonstrated that Lee's description of a user pressing a buy or info button on multimedia device 20, which transmits to gateway network 30, the location of the vehicle 184, the date and time of the button press, and the channel selected, discloses the recited limitation uniquely identifying data specific to at least the second media content. Everything I just read nowhere contains any expansion of the finding they had already made that second media content includes not just advertised item, but also includes advertising data. Thank you, Your Honors. Again, we ask that this court reverse. Thank both sides, and the case is submitted. That concludes our proceedings for this morning.